**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALSON ALSTON,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 14-cv-02480** |
| | : | |
| | : | **(Judge Kane)** |
| **PENNSYLVANIA STATE** | : | |
| **UNIVERSITY, et al.,** | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM**

Before the Court is Plaintiff's amended emergency motion for a temporary restraining order.  (Doc. No. 14.)  On January 7, 2015, the Court heard arguments via telephone on Plaintiff's motion.  For the reasons that follow, the Court will deny Plaintiff's request.

**I.      BACKGROUND**

Plaintiff is a third-year law student at the Pennsylvania State University - Dickinson School of Law.  (Doc. No. 15 at 1.)  Over the past several months, Plaintiff and Defendants have been engaged in a dispute over the amount of federal financial loan aid to which Plaintiff is entitled.  (Doc. No. 1 ¶¶ 1-5.)  Plaintiff alleges that he is entitled to an increased amount of loan aid, because he has become responsible for the care of his ailing and elderly mother.  (Id.)  He alleges that the law school's financial aid office, together with administrators of the university as a whole, have taken dilatory and retaliatory actions to prevent Plaintiff from receiving the additional aid, and that Defendants' actions are depriving Plaintiff of his constitutional rights. (Id. ¶¶ 5-8.)  Plaintiff has requested a temporary restraining order to enjoin Defendants from "preventing [Plaintiff] from receiving" the full extent of Plaintiff's due financial aid, including

1

funds to care for his mother.  (Doc. No. 14 at 1.)

## II.  DISCUSSION

A temporary restraining order is an extraordinary remedy whose "essential purpose [is] the preservation of the status quo while the merits of the cause are explored through litigation."[1] J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 273 (3d Cir. 2002).  Such relief is within the discretion of the district court, and is only warranted when a movant can establish (1) a reasonable probability of success on the merits of the underlying action, and (2) that the movant "will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo."  Acierno v. New Castle Auth., 40 F.3d 645, 653 (3d Cir. 1994).  When relevant, a court will also consider the harm potentially caused to the non-moving party should the injunctive relief issue as well as the broader public interest.  Id.

Plaintiff has named three constitutional provisions and 42 U.S.C. § 1983 as avenues for redress.  (Doc. No. 14 at 2-3.)  Plaintiff claims that he has shown a reasonable probability of success on the merits because he has alleged protected interests (e.g., to protect his family, to continue his education, to be apprised of status changes in his financial aid), and because Defendants' actions have been unconstitutionally arbitrary.  (Id.)  However, the Court is not satisfied at the outset that the interests Plaintiff has identified are those genuinely implicated by Defendants' actions, nor is it clear that the interests Plaintiff has identified are fundamental so as to justify a more exacting scrutiny of Defendants' actions.  See San Antonio Ind. School Dist. v.

---

[1] Though Plaintiff has applied for a temporary restraining order, there is no functional difference between the standards governing a temporary restraining order and those governing a preliminary injunction because Defendants have notice and have participated in the proceedings. Walker v. O'Bannon, 487 F. Supp. 1151, 1153 (W.D. Pa.) aff'd, 624 F.2d 1092 (3d Cir. 1980) (citing Dilworth v. Riner, 343 F.2d 226 (5th Cir. 1965)); see also Fed.R.Civ.P. 65(a-b).

Rodriguez, 411 U.S. 1, 39-40 (1973) (counseling rational basis scrutiny in due process- and equal protection-based challenges to education funding). Plaintiff's application for a temporary restraining order fails to establish likelihood of success on the merits so the Court cannot grant the extraordinary relief Plaintiff requests.

In addition, Plaintiff claims that he will suffer irreparable injury in the absence of a temporary restraining order because he will forfeit his time- and money-investments in law school, and his mother may need to enter a nursing facility. (Doc. No. 14 at 3-4.) To establish irreparable injury, a plaintiff must show an impending harm that "cannot be redressed by a legal or an equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). Plaintiff must make a "clear showing of immediate, irreparable harm." Cont'l Group, Inc. v. Amoco Chem. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). The Court finds that Plaintiff has not established that he will suffer injury if a temporary restraining order does not immediately issue, and the Court is not persuaded that Plaintiff's harm could not be compensated through money damages or through equitable relief following further proceedings.

Finally, the Court notes that a temporary restraining order or a preliminary injunction is meant to maintain the status quo to prevent impending irreparable harm – this form of extraordinary equitable relief is not appropriate where, as here, Plaintiff merely seeks exceptionally quick resolution of an ongoing dispute. See Acierno, 40 F.3d at 653.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's request for a temporary restraining order. An order consistent with this memorandum follows.